IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER LEE CLEVELAND,

        Petitioner,

   v.

BOARD OF PAROLE AND POST-
PRISON SUPERVISION,

        Respondent.

Civil No. 09-563-MO

OPINION AND ORDER

    Rankin Johnson
    Law Office of Rankin Johnson IV, LLC
    714 SW 20th Place
    Portland, Oregon 97205

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of a 2005 decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") revoking his parole. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In 1985, petitioner was convicted of murder in Linn County and sentenced to an indeterminate life sentence which ultimately resulted in his parole on April 29, 2002. According to the parole order, "[t]he minimum active supervision period shall be 12 months, or to the sentence expiration date." Respondent's Exhibit 106, p. 46.

On April 28, 2003, petitioner's parole officer recommended discharge of the parole, but on May 20, 2003, the Board issued an order extending petitioner's parole "to the longest expiration date" and established a Tentative Parole Discharge Date of November 13, 2003. *Id* at 54.

The Board imposed local sanctions on eight different occasions between November 4, 2004 and December 27, 2004, most of which stemmed from petitioner's methamphetamine use. *Id* at 59, 61, 66. Based on these incidents, on January 21, 2005, the Board revoked petitioner's parole. *Id* at 86. A hearing was held, after which the Board affirmed its revocation decision. *Id* at 88.

2 - OPINION AND ORDER

Petitioner requested administrative review of the Board's decision on April 29, 2005, but the Board reaffirmed its revocation Order.  *Id* at 90-117.  The Oregon Court of Appeals affirmed the Board's decision without issuing a written opinion, and the Oregon Supreme Court denied review.  Respondent's Exhibits 116 & 117.

Petitioner filed this § 2254 habeas case on May 21, 2009 alleging that the Board lacked authority to revoke his parole in 2005 because that parole expired in 2003 when the Board failed to further extend it.  Respondent asks the court to deny relief on the Petition because it is untimely, and because the state court decisions denying relief are entitled to deference.

## DISCUSSION

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996.  AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners.  The one-year period runs from the latest of:

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3 - OPINION AND ORDER

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Respondent asserts that petitioner is essentially challenging the Board's May 20, 2003 decision to extend his parole, and that his challenge is untimely because he knew in 2003 that the Board had extended his parole and should have raised his current challenge at the time fo the extension. According to respondent, May 21, 2003 was a date of legal significance because AEDPA's statute of limitations began to run when petitioner was aware of his parole extension.

Petitioner was clearly aware that his parole had been extended, but the Board's order extending the active supervision also purported to release him from that supervision on November 13, 2003. Petitioner appeared to accept this discharge date when he did not challenge it. It was only after that date had expired and his parole was revoked for conduct which occurred in 2004 that he became aware of his claim, at which time he immediately raised it with the Board. Because the court does not fault petitioner for not challenging an extension of his supervision he could not reasonably foresee, it declines to dismiss the Petition on timeliness grounds.

///

///

///

4 - OPINION AND ORDER

## II.  The Merits

### A.  Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

5 - OPINION AND ORDER

*Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**B.   Analysis**

Petitioner alleges that the Board violated his right to due process of law when it improperly extended his Tentative Parole Termination Date beyond November 19, 2003 without holding a hearing and making findings. He argues that because the Board took no action prior to November 19, 2003, his parole expired no later than that date.

Under Oregon law, petitioner's parole did not automatically expire on his Tentative Parole Termination Date of November 19, 2003. As petitioner recognizes, the Oregon Court of Appeals considered the issue of parole termination and concluded that the Board retains authority over a parolee for the entire duration of the sentence, unless it expressly releases the parolee from parole:

> Nothing in the terms of the statute purports to deprive the board of jurisdiction over the parolee merely because the tentative discharge date arrives and passes without board action. Rather, the statute requires that the

6 - OPINION AND ORDER

>    board must act affirmatively to discharge the parolee
>    from parole by issuing a certificate of discharge.

*Haskins v. Palmateer*, 186 Or. App. 159, 166, *rev. denied* 335 Or. 510 (2003).

Petitioner was sentenced to an indeterminate life sentence. Pursuant to Oregon law, no inaction on the part of the Board could have served to discharge his parole even if that inaction extended beyond the Tentative Parole Termination Date. *Thomas v. Board of Parole*, 186 Or. App. 170, 173, *rev. denied* 335 Or. 510 (2003). As a result, petitioner was still on parole in 2004 when he committed the offenses leading to the 2005 revocation. Because the Board still retained jurisdiction over petitioner, and as its actions were in accordance with state law, there is no due process violation. Accordingly, upon an independent review of the record in this case, the Petition for Writ of Habeas Corpus is denied.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __6__ day of December, 2010.

>              /s/Michael W. Mosman
>            Michael W. Mosman
>            United States District Judge

7 - OPINION AND ORDER